JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Benge, | No. CV 04-1687-PHX-DGC (CRP) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Scalzo, et al., | |
| Defendants. | |

Before the Court is Defendants Scalzo and Sines' Motion to Dismiss (Doc. #16) and Second Motion to Dismiss for lack of exhaustion (Doc. #28). The first motion will be denied as moot. Plaintiff responded to the Second Motion to Dismiss, and Defendants replied (Doc. ##32, 36). The Court will deny Defendants' second motion.

**I. Background**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against Maricopa County Correctional Health Services (CHS); Dr. Joseph Scalzo, director of CHS; Jane Doe Scalzo, Dr.'s Scalzo's wife; Nurse Leonard Sines; and Jane Doe Sines, Nurse Sines' wife (Doc. #20). In his Amended Complaint, Plaintiff alleged that Defendants acted with deliberate indifference to his medical needs when they refused to continue his treatment and medication regime for psychiatric conditions upon his transfer to the county jail (Id. at 4). Plaintiff's allegations included the assertion that Nurse Sines falsely represented himself to

Plaintiff as a psychiatrist and, after examining Plaintiff, either refused or was unable to prescribe medication or offer treatment to Plaintiff (Id. at 3).

In their Second Motion to Dismiss, Defendants contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #28). Defendants argued that although Plaintiff exhausted his remedies as to a complaint that he was incarcerated for 472 days before he saw a psychiatrist, his grievance failed to put jail officials on notice regarding the allegation against Sines or the allegation that he attempted suicide in the jail (Id. at 4-6). They contended that because these claims have not been exhausted, and these claims were intertwined with those against the other Defendants, the Complaint must be dismissed. In support, Defendants submitted the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances, and copies of Plaintiff's grievances concerning the lack of psychiatric care (Tademy Aff.; Ex. D, Doc. #28). Also attached to the motion was a copy of the Inmate Grievance Procedure, Policy DJ-3 (Id., Ex. A).

Plaintiff responded that he was not required to name specific defendants or damages in his grievances before bringing his claims in District Court (Doc. #32). Plaintiff argued that as long as he completed the forms provided to him as required by the administrative process, he complied with the PLRA (Id. at 5). Plaintiff alleged that the grievance form asked him to briefly describe his complaint and propose a resolution, which he did. Plaintiff then appealed his grievance to the final step of the External Referee thereby exhausting his administrative remedies as to all claims.

**II. Legal Standard**

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life,

Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter, 534 U.S. at 525 (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"). By completing the forms provided and taking all the steps of the appeals process, an inmate avails himself of the administrative process. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

**III. Analysis**

Defendants concede that Plaintiff exhausted his administrative remedies as to his claim that he did not receive psychiatric care for over 400 days, but argue that Plaintiff's grievances failed to put officials on notice of a possible claim against Sines for his role in the denial of care (Doc. #28 at 2).

According to the documents proffered by Defendants, the inmate grievance policy requires an inmate to initiate the grievance process by submitting a grievance form to a detention officer (Ex. A at 2, Doc. #28). The grievance form instructs the inmate to "[b]riefly describe your complaint and a proposed resolution" (Id., Ex. C). A grievance concerning medical treatment is forwarded to the appropriate medical staff member (Id., Ex. B, p. 17). The subsequent appeals to the Shift Supervisor and then to the Bureau Hearing Officer/Medical Clinic Supervisor do not require any further information from the inmate

- 3 -

(Id., Ex. A at 5). At the Institutional Grievance Appeal step, the form directs the inmate to complete the following introduction; "I am appealing the decision of the Bureau Hearing Officer (grievance and response attached) for the following reason(s):" (Id., Ex. C). Finally, the External Grievance Appeal form similarly asks the inmate to identify the reasons why he is appealing the decision of the Jail Operations Commander (Id.). Neither the grievance form nor the appeal forms ask for anything more that a description of the grievance (Id., Exs. A, C). Specifically, the forms do not ask the inmate to state the names of the jail officials involved in the issue.

Plaintiff's grievance and appeals provided all the information required by the policy and the form instructions. Plaintiff's description of his grievance was that it took 472 days to see a psychiatrist, and that he made several requests for mental health care but "mental health professionals at the jail ignored me" (Grievance 12-19-03, Ex. D, Doc. #28). The responses from the Bureau Hearing Officer, "Psych" (Institutional Grievance Appeal), and the External Referee all cite Plaintiff's medical visit on November 29, 2002 as evidence that he was seen by "psych" (Ex. D, Doc. #28). The November 29, 2002 psych visit was the examination by Nurse Sines. These responses did not resolve the issue and Plaintiff appealed each one. Further, Plaintiff's grievance appeal specifically inquired about the delay in seeing a "doctor 'psychiatrist'" (Id., Institutional Grievance Appeal).

The purpose of a grievance is to alert jail officials to a problem, not, as Defendants suggest, to provide personal notice to a specific official that he may be sued. See Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004). Plaintiff's grievances were sufficient to provide Defendants with a fair opportunity under the circumstances to address the problem and to put the jail and medical staff on notice of the potential claims. "The PLRA does not require more." Butler, 397 F.3d at 1183. Requiring Plaintiff to exhaust a separate claim as to Nurse Sines or any of the other Defendants on the same issue is unnecessary; the purpose of the exhaustion requirement has already been met.

**IT IS ORDERED**:

(1) Defendants' Motion to Dismiss (Doc. #16) is **denied** as moot.

(2) Defendants' Second Motion to Dismiss (Doc. #28) is **denied** without prejudice.

(3) Defendants must file an answer within 10 days of the date of this Order.

DATED this 20th day of December, 2006.

_____
David G. Campbell
United States District Judge